**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**DAVID BAGLEY, RAMONA BAGLEY,**
**and ANGEL FIRE WATER CO.,**

**Plaintiffs,**

**vs.** **No. CIV 06-1101 RB/RHS**

**PAUL COSTA, THE SPENCER GROUP INTERNATIONAL, JACK FERM and the LAW OFFICE OF JACK FERM,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant Jack Ferm's ("Mr. Ferm's") Motion to Quash Service of Summons and Complaint (Doc. 2), filed on December 26, 2006, and Defendant Paul Costa's ("Mr. Costa's") Motion to Quash Service of Summons and Complaint (Doc. 9), filed on January 16, 2007. Having considered the record relevant law, and being otherwise fully advised, I grant these motions.

**I. Background.**

On November 13, 2006, Plaintiffs filed this case pro se, asserting violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.§ 1961, *et seq.*, ("RICO"), and supplemental state-law claims against Defendants. Plaintiffs allege that Defendants have engaged in a pattern of racketeering activity to wrongfully obtain money from Plaintiffs.

Mr. Ferm and Mr. Costa filed pro se motions to dismiss based, inter alia, on insufficient service of process. Plaintiffs failed to respond to these motions.

**II. Standard.**

As pro se litigants, the parties are entitled to a liberal reading of their pleadings and their submissions are held to a less stringent standard than applied to those drafted by lawyers. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir.1989). However, the Court may not assume the role of advocate for pro se litigants, and need not accept unsupported conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Pro se litigants must follow the same rules of procedure that govern other litigants. *Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir.1994).

**III. Discussion.**

The Local Rules of this Court provide "[t]he failure to file and serve a response in opposition to a motion constitutes consent to grant that motion." D. N. M. LR-Civ. 7.1(b). The motions may be granted pursuant to this rule because Plaintiffs failed to file a response. However, due to Plaintiffs' pro se status, the Court will address the motions. Plaintiffs are warned that future violations of Local Rule 7.1(b) may not be tolerated.

Mr. Ferm and Mr. Costa assert that they were not properly served. Mr. Ferm and Mr. Costa state that copies of the summons and complaint were sent to them by certified mail to their business addresses. Defendants have not waived service pursuant to Fed. R. Civ. P. 4(d). Service may be effected upon an individual "by delivering a copy of the summons and of the complaint to the individual personally . . . or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Alternatively, service may be effected by delivering a copy of the process at the "actual place of business or employment of the defendant to the person apparently in charge thereof . . .." N. M.

Rules Ann. Civ. 4 (F)(3). Plaintiffs failed to comply with these provisions. Under these circumstances, the motions to quash service of process will be granted. The Court declines to address the other issues raised by the motions unless proper service has been effected and the issues are fully briefed.

Plaintiffs are admonished that:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . .."

Fed. R. Civ. P. 4(m). Almost 90 days have elapsed since the filing of the Complaint. Defendants have not been properly served. In order to avoid dismissal without prejudice of this action, Plaintiffs must either effect service, or show good cause why Defendants have not been served, by March 13, 2007.

On November 13, 2006, Mr. Bagley was notified that a corporation must be represented by an attorney authorized to practice before this Court. *See* D. N. M. LR-Civ. 83.7. Angel Fire Water Co. is not represented by counsel. In order to avoid dismissal from this case, Angel Fire Water Co. is ordered to obtain counsel by March 13, 2007.

**WHEREFORE,**

**IT IS ORDERED** that Mr. Ferm's Motion to Quash Service of Summons and Complaint (Doc. 2), filed on December 26, 2006, and Mr. Costa's Motion to Quash Service of Summons and Complaint (Doc. 9), filed on January 16, 2007, are **GRANTED BASED ON INSUFFICIENCY OF SERVICE OF PROCESS.**

**IT IS FURTHER ORDERED** that, in order to avoid dismissal without prejudice of this

action, Plaintiffs must either effect service, or show good cause why Defendants have not been served, by March 13, 2007.

**IT IS FURTHER ORDERED** that, in order to avoid being dismissed from this case, Angel Fire Water Co. must obtain counsel by March 13, 2007.

______________________________

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**